UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FLORENTINO GONZALEZ-RAMIREZ,

Plaintiff,

v.

U.S. PUBLIC HEALTH SERVICE et al.

Defendants.

CASE NO. C11-5959 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JULY 20, 2012

The district court has referred this <u>Bivens</u> action to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Defendant Mun Vega, asks the Court to dismiss this action and styles her motion as being brought pursuant to Fed. R. Civ. P. "12 (b) (1), 12 (b) (6), and/or 56." (ECF No. 17).

The Court recommends that defendant Vega's motion to dismiss her from this action be granted because this defendant cannot be sued in a <u>Bivens</u> action and the only remedy available to plaintiff is a federal tort claim against the United States. Because defendant Vega presents a

declaration in support of her motion (ECF No. 18), Defendant Vega has gone outside the pleadings and her motion cannot properly be a motion pursuant to Fed. R. Civ. P. 12 (b)(6). Therefore, the motion will be considered pursuant to Fed. R. Civ. P. 56.

STANDARD OF REVIEW

Summary judgment is required under Fed. R. Civ. P. 56(a) if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact. Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). That burden may be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 323-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

DISCUSSION

Plaintiff alleges that he was mistreated by defendant Vega after hernia surgery (ECF No. 5). He alleges that despite being in pain defendant Vega forced him to walk, and taunted and humiliated him when he complained of his pain (ECF No. 5). He alleges that as a result of the abuse inflicted by this defendant a second surgery was necessary (ECF No. 5). There are no separate allegations against the other two defendants -- the United States Public Health Service and ICE Health Service Corporation (ECF No 5).

In 2010, the United States Supreme Court held that Congress made a federal tort claim against the United States the exclusive remedy for a person seeking relief against an employee of

| 1 | the Public Health Service for actions taken in that employee's scope of employment. Hui v.
| 2 | Castaneda, _ U.S. _, 130 S.Ct. 1845, 1851 (2010). In fact, the Supreme Court held that the Public
| 3 | Health Service officer or employee had absolute immunity from suit for actions taken within the
| 4 | scope of employment. Id. Defendant Vega has raised the defense of absolute immunity and
| 5 | presented the Court with binding authority supporting her position (ECF No. 17). Because this
| 6 | defendant enjoys absolute immunity for her actions as a Public Health Nurse, the Court
| 7 | recommends that she be dismissed from this action. Because plaintiff has not alleged any claims
| 8 | against the other two named defendants --the United States Public Health Service and the ICE
| 9 | Health Service Corporation (ECF No. 5) -- the Court recommends that this entire action be
| 10 | dismissed.
| 11 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
| 12 | fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P.
| 13 | 6. Failure to file objections will result in a waiver of those objections for purposes of de novo
| 14 | review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
| 15 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July
| 16 | 20, 2012, as noted in the caption.
| 17 | Dated this 18th day of June, 2012.

J. Richard Creatura
United States Magistrate Judge